# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>JOSÉ MULERO-VARGAS [1],<br><br>**Defendant.** | **Criminal No.** 17-297 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Defense counsel Jedrick Burgos-Amador ("Burgos") and Ricardo Lozada-Franco ("Lozada") request that the Court reconsider the imposition of sanctions and the disgorgement of attorneys' fees. (Docket No. 213.) For the reasons set forth below, the motion for reconsideration is **DENIED**.

I.  Background

On May 10, 2017, a grand jury charged defendants José Mulero-Vargas ("Mulero") and Luis Merced-García ("Merced") with possession of a machinegun in furtherance of a drug trafficking crime, possession of a firearm in furtherance of a drug trafficking crime, and possession with intent to distribute a detectable amount of cocaine, in violation of 18 U.S.C. § 924(c)(1)(B)(ii), 18 U.S.C. § 924(c)(1)(A)(i), and 21 U.S.C. § 841(a)(1), respectively. (Docket No. 16.)  Mulero completed a CJA 23 Financial Affidavit,

setting forth his income, assets, obligations and debts at the time of his arrest. (Docket No. 3.) Magistrate Judge Bruce J. McGiverin "deemed it appropriate to appoint counsel." (Docket No. 5.) Four privately retained attorneys, however, appeared on Mulero's behalf within the next two years. (Docket Nos. 10, 11, 123 and 124.)[1]

On September 5, 2018, the United States moved for an inquiry to determine "where the money for multiple private attorneys [came] from." Docket No. 142 at p. 5; citing Wood v. Georgia, 450 U.S. 261, 271 (1981) ("Inherent dangers that arise when a criminal defendant is represented by a lawyer hired and paid by a third party, particularly when the third party is the operator of the alleged criminal enterprise" constituted a "clear possibility of a conflict of interest"). The Court referred the United States' motion to Magistrate Judge Marshal D. Morgan. (Docket No. 143.)

The magistrate judge conducted an evidentiary hearing on September 17, 2018 to identify the source of Mulero's attorneys'

---

[1] Assistant Federal Public Defender Francisco Celedonio ("Celedonio") appeared on Mulero's behalf on May 9, 2017. (Docket No. 10.) The following day, however, Mariela Maestre-Cordero ("Maestre") filed a notice of appearance. (Docket No. 11.) Maestre represented Mulero for less than two months, appearing at the initial detention and *de novo* bail hearings. (Docket Nos. 12 and 32.) Javier Cuyar-Olivo ("Cuyar") filed a notice of appearance on June 28, 2017. (Docket No. 42.) Maestre subsequently moved to withdraw, and the Court granted her motion. (Docket Nos. 53 and 54.) Burgos and Lozada filed notices of appearance on July 2, 2018. (Docket Nos. 125 and 126.) After Cuyar accepted a position at the office of the Federal Public Defender for the District of Puerto Rico, he moved to withdraw on July 4, 2018. (Docket Nos. 127 and 128.)

fees. (Docket No. 181 at p. 10.) Burgos and Lozada invoked the Fifth Amendment, however, refusing to testify "[o]ut of an abundance of caution." Id. at pp. 78 and 80.[2] Before the evidentiary hearing concluded, the magistrate judge stated that:

> [Burgos and Lozada] have both indicated that [they] raise the Fifth Amendment. I want to be abundantly clear to everyone in this room and that the record be clear that [Burgos and Lozada] refuse to take the stand, [to] be placed under oath because [they] understood that to answer the questions, [they] would be implicating [themselves] in criminal activity. That is the understanding of the Court and that is what the record will so reflect.

Id. at pp. 80-81. Burgos answered "yes." Id. at p. 81. Consequently, the magistrate judge recommended that the Court disqualify Burgos and Lozada, appoint counsel from the CJA Panel to represent Mulero, and order Burgos and Lozada to return the fees they received to represent Mulero. United States v. Vargas, Case No. 17-297, 2018 U.S. Dist. LEXIS 219053 (D.P.R. Nov. 30, 2018) (Morgan, Mag. J.).

The Court adopted the R & R. United States v. Mulero-Vargas, Case No. 17-297, 2019 U.S. Dist. LEXIS 23943 (D.P.R. Feb. 11, 2019) (Besosa, J.). Because Burgos and Lozada frustrated the purpose of the evidentiary hearing through their obstructionist conduct, the Court ordered defense counsel to show cause as to "why they should

---

[2] The Fifth Amendment of the United States Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend V.

not be fined $250.00." Id. at *26. Both attorneys filed a response to the Order to Show Cause. (Docket Nos. 206 and 208.) Subsequently, the Court ordered that Burgos and Lozada "each pay the $250 sanction." (Docket No. 209.) Burgos and Lozada now request that the Court vacate the $250 sanction, and allow them to keep the fees they received to represent Mulero. (Docket No. 213.)

**II. Legal Standard**

The Federal Rules of Criminal Procedure do not explicitly provide for motions for reconsideration. See United States v. Ortiz, 741 F.3d 288, 292 n.2 (1st Cir. 2014) ("[M]otions for reconsideration in criminal cases are not specifically authorized either by statute or by rule.") (internal citation omitted). The First Circuit Court of Appeals, however, applies the legal standard pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") to motions for reconsideration arising in the criminal context. See, e.g., United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009) (applying the legal standard for Rule 59(e) to a motion for reconsideration in a criminal case). Although Burgos and Lozada do not identify the statutory source for their motion to reconsider, the Court nonetheless applies the Rule 59(e) legal standard to Burgos and Lozada's motion.

Pursuant to Rule 59(e), a district court will alter its original order only if it "evidenced a manifest error of law, if

there is newly discovered evidence, or in certain other narrow situations." Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (quoting Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 25 (1st Cir. 2007)). A motion for reconsideration does "not provide a vehicle for a party to undo its own procedural failures [or] allow a party [to] advance arguments that could and should have been presented to the district court prior to judgment." Iverson v. City of Bos., 452 F.3d 94, 104 (1st Cir. 2006) (internal citation omitted).

In deciding a motion for reconsideration, the reviewing court has considerable discretion. Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004). "As a general rule, motions for reconsideration should only be exceptionally granted." Villanueva-Méndez v. Nieves Vázquez, 360 F. Supp. 2d 320, 323 (D.P.R. 2005) (Domínguez, J.). "Rule 59(e) relief is granted sparingly . . . ." Biltcliffe, 772 F.3d at 930.

**III. Discussion**

Burgos and Lozada's arguments in support of their motion for reconsideration are unavailing. Defense counsel fail to demonstrate that the Court's prior order is manifestly contrary to law, or that newly discovered evidence compels a different conclusion. See Biltcliffe, 772 F.3d at 930. Any new argument set forth in their motion for reconsideration is based on formerly

available evidence and thus could and should have been presented to the Court prior to its opinion. See Iverson, 452 F.3d at 104.

Burgos and Lozada contend that the "Court's opinion does not explain why the return of fees is appropriate on this record." (Docket No. 213 at p. 5.) The Court possesses "broad equitable power to deny attorneys' fees (or to require an attorney to disgorge fees already received) when an attorney represents clients with conflicting interests." Rodríguez v. Disner, 688 F.3d 645, 653 (9th Cir. 2012). Burgos and Lozada's invocation of the Fifth Amendment demonstrates that they believed that disclosing information regarding their fee agreement could potentially subject them to criminal liability. See United States v. Scala, 432 F. Supp. 2d 403, 406 (S.D.N.Y. 2006) (disqualifying defense counsel because "invocation of the Fifth Amendment demonstrates that his interest and those of his client probably diverge with respect to courses of action that inevitably arise in criminal cases"). Defense counsels' personal interests were separate and potentially divergent from Mulero's interests. Accordingly, the Court concludes that the fee agreement between Mulero, Burgs and Lozada created a conflict of interest *ab initio*.

This Court will not allow Burgos and Lozada to be compensated with fees received during a representation tainted by a conflict of interest. To do otherwise would be an affront to the integrity

of the judicial process. See, e.g., Curtis v. Radio Representatives, Inc., 696 F. Supp. 729, 734 n.2 (D.D.C. 1988) ("Other courts have disallowed attorneys fees generated after a conflict of interest arose, but permitted an allowance for services rendered prior to the development of the conflict.") (citing Matter of Chi. & W. Towns Rys., Inc., 230 F.2d 364, 369 (7th Cir. 1956)). Accordingly, Burgos and Lozada must return the fees they received to represent Mulero. Having already addressed their arguments in the Court's decision, see Mulero-Vargas, 2019 U.S. Dist. LEXIS 23943, the Court **AFFIRMS** its order adopting the magistrate judge's R & R.

**IV. Conclusion**

For the reasons stated, Burgos and Lozada's motion for reconsideration is **DENIED**. (Docket No. 213.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, April 17, 2019.

> s/ Francisco A. Besosa
> FRANCISCO A. BESOSA
> UNITED STATES DISTRICT JUDGE