# United States Court of Appeals
## For the First Circuit

No. 19-1941

UNITED STATES OF AMERICA,

Appellee,

v.

JOSÉ MULERO-VARGAS, t/n José Angel Mulero-Vargas,

Defendant, Appellant.


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]


Before

Howard, Chief Judge,
Selya and Gelpí, Circuit Judges.


José B. Vélez Goveo and Vélez & Vélez Law Office on brief for appellant.
W. Stephen Muldrow, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Robert P. Coleman III, Assistant United States Attorney, on brief for appellee.


February 2, 2022

**SELYA**, <u>Circuit Judge</u>. Following the discovery of a trove of firearms (including two machineguns), ammunition, and drugs, defendant-appellant José Mulero-Vargas (Mulero) and a confederate, Luis Merced-García, were jointly indicted for, inter alia, aiding and abetting the possession of a firearm in furtherance of a drug-trafficking crime, <u>see</u> 18 U.S.C. § 924(c)(1)(A), and aiding and abetting the possession of cocaine with intent to distribute, <u>see</u> 21 U.S.C. § 841(a)(1). After some preliminary skirmishing, not relevant here, both men entered guilty pleas to these counts.

The district court sentenced Merced-García to a within-guidelines eighteen-month term of immurement on the drug-trafficking count and a consecutive upwardly variant 144-month term of immurement on the firearms count. Merced-García appealed, and we affirmed his sentence. <u>See</u> <u>United States</u> v. <u>Merced-García</u>, ___ F.4th ___, ___ (1st Cir. 2022) [No. 19-2033, slip op. at 12]. We assume the reader's familiarity with that opinion.

For his part, Mulero was sentenced to a within-guidelines twenty-four-month term of immurement on the drug-trafficking count and a consecutive upwardly variant 144-month term of immurement on the firearms count. Like Merced-García, Mulero appealed his sentence. He argues that his sentence on the firearms count is procedurally infirm and that his aggregate sentence is substantively unreasonable. We address these arguments in turn.

In his most loudly bruited plaint, Mulero says (in effect) that he only was responsible for one machinegun. Building on this foundation, Mulero asserts that the district court committed procedural error by predicating the upwardly variant portion of his aggregate sentence, in material part, on his responsibility for two machineguns.

Mulero's claim that the district court erred by holding him responsible for two machineguns was not raised below. Therefore, our review is for plain error. See United States v. Rabb, 5 F.4th 95, 101 (1st Cir. 2021); United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001). Plain-error review "entails four showings: (1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." Duarte, 246 F.3d at 60. As the proponent of plain error, Mulero "must carry the devoir of persuasion as to all four of these elements." United States v. Pinkham, 896 F.3d 133, 136-37 (1st Cir. 2018).

The record confers a patina of plausibility on Mulero's plaint. The presentence investigation report states in one section that, after searching the residence shared by Mulero and Merced-García, Puerto Rico police officers discovered a stockpile of firearms and ammunition, including one machinegun. The officers then requested and received permission to search Merced-García's

automobile, presumably parked outside the residence, and discovered the second machinegun within the vehicle.  Citing this discrepancy, Mulero argues that the district court erred in holding him responsible for the second machinegun.

But there is more to the story.  The district court conducted a joint change-of-plea hearing for Mulero and Merced-García.  During the ensuing colloquy, the court noted that both men were charged "with possession of a firearm in furtherance of a drug trafficking crime in that, about May 3, 2017, here in Puerto Rico, both of you, aiding and abetting each other knowingly possessed" seven listed weapons — a list that included both machineguns.  The court then asked, "[I]s that what you did?"  Mulero replied with an unequivocal "Yes."  And at another point, he indicated his assent to the prosecutor's assertion that both machineguns were found "[i]n the living room, bathroom, and bedroom" of the dwelling.

Viewed against this backdrop, Mulero stumbles over the first and second steps of the plain-error test:  we cannot find that the sentencing court committed error, much less a clear or obvious error.[1]  We explain briefly.

---

[1] Courts typically describe this second step in the disjunctive: "clear or obvious."  See, e.g., United States v. Olano, 507 U.S. 725, 734 (1993); Rabb, 5 F.4th at 101.  A few courts, though, phrase this step in the conjunctive: "clear and obvious."  See, e.g., United States v. Mendez, 802 F.3d 93, 98 (1st Cir. 2015); United States v. Sebastian, 612 F.3d 47, 50 (1st

To constitute clear or obvious error, the claimed "error must be 'indisputable' in light of controlling law." Rabb, 5 F.4th at 101 (quoting United States v. Jones, 748 F.3d 64, 70 (1st Cir. 2014)).  The putative error here is far from indisputable.  Although there is an inconsistency in the record as to the whereabouts of the second machinegun, there is no room for doubt that Mulero possessed it.  Even if we assume — favorably to Mulero — that the second machinegun was nestled in the vehicle, our case law makes pellucid "that possession can be either actual or constructive."  United States v. Nuñez, 852 F.3d 141, 145 (1st Cir. 2017).

Constructive possession is present "when a person knowingly has the power and intention at a given time to exercise dominion and control over an object, either directly or through others."  United States v. Williams, 717 F.3d 35, 39 (1st Cir. 2013) (quoting United States v. Ocampo-Guarin, 968 F.2d 1406, 1409 (1st Cir. 1992)).  "[T]he requisite knowledge and intention can be inferred from the circumstances."  United States v. Ridolfi, 768 F.3d 57, 62 (1st Cir. 2014).

Here, both Mulero and Merced-García were, by their own admission, aiding and abetting each other in the distribution of

---

Cir. 2010).  This variation makes no practical difference:  an error that is "clear" is "obvious," and an error that is "obvious" is "clear."  See Olano, 507 U.S. at 734 (noting the equivalency of the terms).

cocaine. So, too, both men admitted that they aided and abetted each other in the possession of firearms to further their cocaine-distribution venture. It follows, we think, that the district court had a solid basis for concluding that the two men were jointly in possession of the whole stockpile of guns, ammunition, and drugs (including the second machinegun, whether or not that machinegun was located in Merced-García's vehicle). Put another way, the district court — on these facts — was entitled to draw a reasonable inference that Mulero, at the very least, constructively possessed the second machinegun. Accordingly, there was no error, let alone a clear or obvious one.

This leaves Mulero's claim that his 168-month aggregate sentence is substantively unreasonable. The main thrust of this claim is that the court "plac[ed] too much weight on the nature and circumstances of the case and an insufficient amount of weight [on his] history and characteristics." Our review of this claim of error is for abuse of discretion. See Holguin-Hernandez v. United States, 140 S. Ct. 762, 766 (2020); United States v. Bruno-Campos, 978 F.3d 801, 808 (1st Cir. 2020).

A sentence is substantively reasonable as long as the sentencing rationale is plausible and the result is defensible. See United States v. Clogston, 662 F.3d 588, 593 (1st Cir. 2011); United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008). Here, the district court cogently articulated its sentencing rationale.

After establishing the guideline sentencing ranges for each count, the court proceeded to consider the sentencing factors limned in 18 U.S.C. § 3553(a).  The court discussed Mulero's age, family circumstances, education, lack of prior employment, and the like. It then recounted the facts of the offenses of conviction, describing the seven firearms, the cache of ammunition (more than 1,600 rounds), and the significant quantity of drugs involved in the offenses.  The court took particular note of the fact that two of the firearms were machineguns and commented that "machine guns are highly dangerous and unusual weapons that are not typically possessed by law-abiding citizens for lawful purposes."  Having weighed all the aggravating and mitigating factors, the court determined that an aggregate sentence of 168 months adequately "reflect[ed] the seriousness of the offense, promote[d] respect for the law, protect[ed] the public from further crimes by Mr. Mulero, and address[ed] the issues of deterrence and punishment."

This rationale easily clears the plausibility hurdle. And Mulero's "disagreement with the district court's balancing of the [relevant sentencing] factors does not constitute a valid ground for appeal."  Merced-García, ___ F.4th at ___ [No. 19-2033, slip op. at 9]; see United States v. Ruperto-Rivera, 16 F.4th 1, 6 (1st Cir. 2021).

The challenged sentence also represents a defensible result.  As we stated in Merced-García, the offenses of conviction

were serious. See ___ F.4th at ___ [No. 19-2033, slip op. at 11]. Mulero, aiding and abetting Merced-García, possessed seven firearms, including two machineguns, over 1,600 rounds of ammunition, and more than 200 grams of cocaine. Given the gravity of the offenses, the sentencing outcome falls well within the "broad universe" of defensible sentences. United States v. Rivera-Morales, 961 F.3d 1, 21 (1st Cir. 2020).

There is one loose end. The plea agreement set certain parameters for sentencing recommendations. At the disposition hearing, the parties — acting within those parameters — offered their sentencing recommendations: the government asked for an aggregate incarcerative term of 144 months and Mulero asked for an aggregate incarcerative term of 114 months. The district court spurned both recommendations and imposed an aggregate incarcerative term of 168 months.

On appeal, Mulero makes a conclusory argument that his aggregate sentence is substantively unreasonable because the sentencing court disregarded the sentencing recommendations adumbrated in the plea agreement and subsequently advocated by the parties. Mulero, though, is milking a spent cow. The plea agreement's sentence recommendations were merely precatory. See Fed. R. Crim. P. 11(c)(1)(B). In such circumstances, we repeatedly have stated that when imposing a sentence, a "district court [i]s

not bound by the parties' [sentencing] recommendations." <u>United States</u> v. <u>Ubiles-Rosario</u>, 867 F.3d 277, 294 (1st Cir. 2017); <u>see</u> <u>United States</u> v. <u>Díaz-Rivera</u>, 957 F.3d 20, 30 (1st Cir. 2020).  So it is here.

We need go no further.  For the reasons elucidated above, the challenged sentence is

**<u>Affirmed</u>**.